UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE ) | Bankruptcy Case |
| ) | No. 11-63635-fra7 |
| WILLIAM JAMES EIMSTAD, ) | |
| ) | |
| Debtor. ) | |
| ) | Adversary Proceeding |
| JANICE W. SUGAR, ) | No. 11-6231-fra |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| WILLIAM JAMES EIMSTAD, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Janice Sugar filed a motion seeking summary judgment against the Defendant on her claim that the debt owed to her by the Debtor/Defendant pursuant to a General Judgment of the Lane County Circuit Court is nondischargeable under 11 U.S.C. § 523(a)(6).[1] No response was filed by Defendant to the motion.[2] For the reasons that follow, Plaintiff's motion will be granted.

---

[1] All statutory references contained herein, unless otherwise stated, are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

[2] After the deadline for filing a response, Defendant wrote a letter to the court in which he stated that he still objected to nondischargeability of the judgment and that he wanted to present his case at trial that
(continued...)

MEMORANDUM OPINION - Page 1

## SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

## FACTS

Prior to November 2010, the parties were in a domestic partnership. In an action to dissolve the partnership and distribute their assets, the Plaintiff (defendant in the state court proceeding) filed counterclaims alleging tort liability.

In extensive findings and conclusions, the Circuit Court found that during a confrontation between the parties

> At some point during that evening Mr. Eimstad who was headed up the stairs met Ms. Sugar coming down the stairs [sic] at that point he was quite angry about the possibility that Ms. Sugar had been removing what he perceived to be his property and confronted her. He put his fingers on her chest and pushed her backwards which caused her to fall onto the steps. He then stood over her and put her face very close to hers and said that if she took another thing from the house that was his, he would shoot her.

Having made that factual finding, the Circuit Court applied the facts to three separate tort claims: (1) intentional infliction of emotional distress, (2) assault, and (3) battery. The court held that claims for liability

---

$^2$(...continued)
Plaintiff was part of a conspiracy against him. Even were this filed timely, it is not an appropriate response under the Federal Rules of Civil Procedure to the motion for summary judgment and does not alter the court's disposition in this matter.

MEMORANDUM OPINION - Page 2

under each of these torts had been established under Oregon law, and awarded a total judgment in the amount of $19,477.18. The judgment bears interest at 9% per annum from the date of entry.

DISCUSSION

A. Code § 523(a)(6)

The Bankruptcy Code, at § 523(a)(6), excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Claims excepted from discharge under this provision arise out of "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). The willfulness and maliciousness elements must be separately analyzed. In re Jercich, 238 F.2d 1202 (9th Cir. 2001). The willfulness element requires that the debtor had either a subjective intent to inflict the injury complained of, or a belief that the injury was substantially certain to occur. See In re Su, 290 F.3d 1140 (9th Cir. 2002). The element of malice requires a showing that the debtor performed a wrongful act, that he did so intentionally, that the wrongful act necessarily caused injury, and that the action was without just cause or excuse. Jercich at 1209.

In an action seeking to except a debt from discharge, the burden is on the plaintiff to show, by a preponderance of the evidence, that the statutory requirements for exception to discharge have been met. Grogan v. Garner, 498 U.S. 279 (1991).

B. Circuit Court General Judgment

With respect to each of the tort claims, the Circuit Court explicitly held that Defendant's actions were intentional and intended to do harm:

1. "To recover any damage for Intentional Infliction of Emotional Distress, the [Plaintiff here] must prove by a preponderance of the evidence, that the [Defendant here] intended to cause the [Plaintiff] severe emotional distress or knew with substantial certainty that his conduct would cause such distress, [and] that the [Defendant's] conduct did in fact cause the [Plaintiff] severe emotional distress . . . ."
General Judgment, Page 24-25.

2. "Assault occurs when one commits an act intending to cause harmful or offensive conduct with a person or to cause the belief by the other person that harmful or offensive conduct may immediately occur, and the other person reasonably believes that such conduct is likely to occur."
General Judgment, Page 28, Line 18. Referring to the threat uttered by Defendant after pushing the Plaintiff, the Circuit Court states that "[c]learly at the time Mr. Eimstad uttered those words he

MEMORANDUM OPINION - Page 3

    intended to cause [Ms. Sugar] to believe that an offensive contact would occur."
General Judgment, Page 29, Line 8.

3.     Battery: "In the case at bar it is clear to me that Mr. Eimstad intentionally pushed Ms. Sugar back on the steps, it is also clear to me that his conduct amounted to offensive contact. As an independently significant, legally significant and sufficient basis, I find that the doctrine of issue preclusion is applied to Mr. Eimstad's conviction for the crime of Harassment establishes that Mr. Eimstad committed a tort of battery."
General Judgement, Page 30.

C. <u>Preclusive Effect of General Judgment</u>

In a Ninth Circuit case dealing with nondischargeability under 11 U.S.C. § 523(a)(2)(A), the court stated that

    The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such . . . State from which they are taken.

<u>Gayden v. Nourbakhsh (In re Nourbakhsh)</u>, 67 F.3d 798,800 (9th Cir. 1995).

Oregon courts apply collateral estoppel when the following conditions are met:

1. The issue in the two proceedings is identical.

2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

3. The party sought to be precluded has had a full and fair opportunity to be heard on the issue.

4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding. [and]

5. The prior proceeding was the type of proceeding to which this court will give preclusive effect.

<u>Nelson v. Emerald People's Utility Dist.</u>, 318 Or. 103, 104, 862 P.2d 1293 (1993).

    The Defendant was found by the Circuit Court to have committed actions resulting in the torts of intentional infliction of emotional distress, assault, and battery. The court found that the Defendant committed those actions with the intent to cause the resulting injury or knowing that injury was substantially certain to occur. The General Judgment therefore establishes the willfulness element of § 523(a)(6). The bankruptcy court must also conclude that the wrongful acts were done without just cause or excuse, as a the requisite intent in a charge of assault and battery is to do violence and personal injury to the person assaulted

MEMORANDUM OPINION - Page 4

and that the action is not otherwise privileged.  See  Cook v. Kinzua Pine Mills Co., 207 Or. 34, 48, 293 P.2d 717 (1956).  Had the action been privileged in some way, the Circuit Court would have so found.

Under Oregon law, a judgment of the Circuit Court may not generally be collaterally attacked and is binding on other courts in the state.  See Johnson v. Johnson, 302 Or. 382, 730 P.2d 1221 (1986).  Under the full faith and credit statute and Ninth Circuit precedent, the bankruptcy court therefore finds that the General Judgment establishes the elements necessary to find the monetary award to be excepted from discharge under Code § 523(a)(6) and the matter may not be relitigated in this court.

## CONCLUSION

The Plaintiff obtained a monetary judgment in state court based on counterclaims alleging intentional infliction of emotional distress, assault, and battery.  The elements of those torts and the specific findings made by the Circuit Court in its General Judgment establish in this court the necessary elements to prove nondischargeability under § 523(a)(6), and the Defendant is barred from relitigating those findings.  The claim held by Plaintiff in the amount of $19,477.18, plus interest, is therefore nondischargeable under § 523(a)(6).  Summary Judgment is granted to Plaintiff.  An order consistent herewith will be entered.

FRANK R. ALLEY, III
Chief Bankruptcy Judge